IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

JOSE D. RODRIGUEZ RODRIGUEZ,    §
§
§
§
*Petitioner*,    §
§
v.    §
§
WARDEN, IAH Secure Adult Detention    §    CIVIL ACTION NO. 9:26-CV-00490
Facility; DIRECTOR, Houston DHS-ICE Field    §    JUDGE MICHAEL J. TRUNCALE
Office,    §
§
§
*Respondents*.    §

**ORDER DENYING PETITION FOR HABEAS CORPUS**

Before the Court is Petitioner Jose D. Rodriguez Rodriguez (Rodriguez)'s Petition for Writ of

Habeas Corpus. [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

**I. BACKGROUND**

Rodriguez is a Honduran national who entered the United States on an unknown date and was

detained by immigration authorities in April 2026. [Dkt. 1]. On June 23, 2026, Rodriguez brought a

habeas corpus petition, claiming that his detention violates federal law. *Id.*

**II. LEGAL STANDARD**

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal

basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241

entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the

Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding,

the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that

he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex.

Sep. 26, 2025).

1

### III. DISCUSSION

### A. Due Process

Rodriguez argues that his detention violates due process because the Government has "not provided [him] a meaningful, individualized, release-capable hearing before a neutral decisionmaker." [Dkt. 1 at 5]. However, the record undermines his claim. The Government has scheduled a hearing on August 7, 2026 for Rodriguez to present his case to an immigration judge. [Dkt. 1-7]. In removal proceedings, "due process requires only that an alien be provided notice of the charges against him, a hearing before an executive or administrative tribunal, and a fair opportunity to be heard" *U.S. v. Benitez-Villafuerte*, 186 F.3d 651, 657 (5th Cir. 1999). Rodriguez was given notice of the charges against him in his Notice to Appear and has been afforded a hearing before an immigration court. Accordingly, he has received due process. *See Benitez-Villafuerte*, 186 F.3d at 657.

### B. Unlawful Arrest

Rodriguez also argues that he is entitled to habeas relief because he was unlawfully arrested without a warrant. However, an unlawful arrest, without more, does not entitle the arrestee to habeas relief. *See Howard v. Allgood*, 272 F. Supp. 381, 384 (E.D. La. 1967) ("[A]n unlawful arrest in itself is not grounds for setting aside an otherwise valid conviction"); *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1910) ("[I]f sufficient ground for [the petitioner's] detention by the government is shown, he is not to be discharged for defects in the original arrest . . . "). If illegally entered the United States and remains present in the United States without legal status, as the Government alleges, he is deportable. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Tellingly, Rodriguez does not dispute that he entered the country illegally and is present in the country illegally. *See* [Dkt. 1]. Accordingly, Rodriguez's ongoing confinement during deportation proceedings is lawful regardless of whether he was lawfully arrested. *See id.* § 1226(a); *Howard*, 272 F. Supp. at 384; *Bilokumsky*, 263 U.S. at 158. Rodriguez is therefore not entitled to habeas relief. *See Pierre*, 525 F.2d at 935 (emphasis added); *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.)

## IV. CONCLUSION

It is therefore **ORDERED** that Rodriguez's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 6th day of August, 2026.**

_____
Michael J. Truncale
United States District Judge